# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH HARRIS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 08-5084** |
| **WARDEN LYNN COOPER** | * | **SECTION: "D"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

**PROCEDURAL HISTORY**[1]

Petitioner, Joseph Harris, was charged by bill of information with distribution of cocaine, a violation of La. R.S. 40:967.[2] Petitioner pleaded not guilty at his arraignment. On March 29, 1999, petitioner, following trial by a twelve-person jury in Orleans Parish Criminal District Court, was found guilty as charged. On September 24, 1999, petitioner was adjudicated a second-felony habitual offender and was sentenced to serve twenty years at hard labor, with credit for time served, without benefit of probation, parole or suspension of sentence for five years, concurrent with any other sentences.

On April 18, 2001, pursuant to petitioner's appeal, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction. *State v. Harris*, 787 So.2d 420 (La. App. 4 Cir. 4/18/01). On April 26, 2002, the Louisiana Supreme Court denied petitioner's writ application, thereby rendering his conviction and sentence final. *State v. Harris*, 813 So.2d 1101 (La. 2002).

On May 23, 2003, petitioner filed an application for post-conviction relief with the

---

[1] A portion of petitioner's procedural history is taken from the Louisiana Fourth Circuit Court of Appeal's opinion, *State v. Harris*, 787 So.2d 420 (La. App. 4 Cir. 04/18/01).

[2] Petitioner was charged along with two co-defendants, Eddie J. Cates and Leon Winsey. The charge against Winsey was dismissed on April 13, 1999. Cates pleaded guilty as charged on March 29, 1999.

state district court.³ On June 17, 2003, the state district court denied petitioner's post-conviction application.⁴ On September 17, 2003, the Louisiana Fourth Circuit Court of Appeal, finding "no error . . . in the district court's June 17, 2003, denial of relator's application for post-conviction relief", denied petitioner's writ application. *State v. Harris*, No. 2003-K-1334 (La. App. 4 Cir. 9/17/03) (unpublished decision).⁵ On November 19, 2004, the Louisiana Supreme Court similarly denied petitioner's writ application. *State ex rel. Harris v. State*, 888 So.2d 189 (La. 2004).

On May 8, 2007, petitioner filed with the state district court a motion to vacate and set aside an illegal sentence.⁶ On May 18, 2007, the state district court denied petitioner's motion to vacate and set aside an illegal sentence.⁷ On July 27, 2007, the Louisiana Fourth Circuit Court of Appeal issued an opinion finding that petitioner's motion to vacate and set aside an illegal sentence was procedurally barred pursuant to La. C.Cr.P. art. 930.3. The

---

³A copy of petitioner's post-conviction application is contained in the State rec., vol. 1 of 3.

⁴A copy of the state district court's June 17, 2003 Judgment is contained in the State rec., vol. 1 of 3.

⁵A copy of the state appellate court's September 17, 2003 unpublished decision is contained in the State rec., vol. 3 of 3.

⁶A copy of petitioner's motion to vacate and set aside an illegal sentence is contained in the State rec., vol. 3 of 3.

⁷A copy of the state district court's May 18, 2007 Judgment is contained in the State rec., vol. 3 of 3.

state appellate court also found there was "no error in the district court's May 18, 2007 denial of relator's motion to vacate and set aside an illegal multiple offender adjudication." *State v. Harris*, No. 2007-K-0834 (La. App. 4 Cir. 7/27/07) (unpublished decision).[8]  On August 22, 2008, the Louisiana Supreme Court denied petitioner's writ application, finding it was procedurally barred pursuant to La.C.Cr.P. art. 930.8, La.C.Cr.P. art. 930.3, and La.C.Cr.P. art. 930.4(D). *State ex rel. Harris v. State*, 988 So.2d 251 (La. 2008).

On November 24, 2008, petitioner filed the instant action for federal habeas corpus relief.  In its Response (rec. doc. 8), the State argues that petitioner's habeas application should be dismissed as time-barred.  For the following reasons, this court agrees.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is required to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254 within one year from "the latest of -"

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[8]A copy of the state appellate court's July 27, 2007 unpublished decision is contained in the State rec., vol. 3 of 3.

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (West 2010).

In the instant matter, petitioner's conviction became final on April 26, 2002, and his time for seeking review expired on July 25, 2002, 90 days following his final state court judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired. *See* Sup.Ct.R. 13(1); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000) (citing 28 U.S.C. §2244(d)(1)(A)); *see also United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000). Thus, under the provisions of § 2254(A), petitioner had a year from July 25, 2002, or until July 25, 2003, to timely seek federal habeas corpus relief.

As stated earlier, petitioner filed the instant action on November 24, 2008, over five years after his July 25, 2003 deadline. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any

period of limitation under this subsection."

On May 23, 2003, petitioner sought post-conviction relief, thereby tolling prescription. As noted earlier, petitioner's one-year prescriptive period commenced running on July 25, 2002. Accordingly, by the time petitioner tolled prescription on May 23, 2003, via the filing of his post-conviction application, approximately ten months of his twelve-month statute of limitations had expired.

Prescription remained tolled until November 19, 2004, when the Louisiana Supreme Court denied petitioner's writ application. *Harris*, 888 So.2d 189. At that point, prescription once again commenced to run, expiring approximately two months later, on or about January 21, 2005.[9] Thus, this matter would appear to be time-barred absent a basis for equitably tolling petitioner's prescriptive period.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991, *quoting Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th

---

[9]While petitioner again sought post-conviction relief in May, 2007, when he filed his motion to vacate and set aside an illegal sentence, by that point, his one-year statute of limitations had long expired.

Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), *citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Petitioner offers no basis for equitably tolling prescription nor has this court's review of the record uncovered any such basis.

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the instant application for federal habeas corpus relief filed by petitioner, Joseph Harris, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*,

79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this __25th__ day of ____May____, 2010.

_____
LOUIS MOORE, JR.
United States Magistrate Judge